```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
             -v-                         :     04cr1110 (DLC)
                                         :
ALEX RUDAJ,                              :     ORDER
                                         :
                   Defendant.            :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On December 9, 2020, the defendant filed an application for bail pending the resolution of his habeas petition under 18 U.S.C. § 2255.  The Government opposed the application on December 10, and the defendant has filed a reply.  For the following reasons, the application is denied.

"[T]he standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that [1] the habeas petition raise[s] substantial claims and [2] that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective."  Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (citation omitted).

The defendant has failed to establish that his habeas petition raises a substantial claim or that his application should be granted so that the habeas remedy can be effective. The habeas petition addresses the impact of Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139

S. Ct. 2319 (2019) on the defendant's 18 U.S.C. § 924(c) conviction.  If the petition were granted and the defendant's conviction under § 924(c) were vacated, the defendant's overall sentence would not necessarily change.  The defendant would be entitled to a resentencing proceeding.  28 U.S.C. § 2255(b).  At that proceeding the Court could "increase the sentences for any remaining counts if such an increase is warranted."  Davis, 139 S. Ct. at 2336 (citation omitted).

The defendant was convicted at trial on numerous counts. With the exception of the § 924(c) count, the Court imposed the sentence on each of those counts to run concurrently.  The § 924(c) sentence was imposed to run consecutively.  The Court carefully calculated the combined sentence to reflect the overall seriousness of the defendant's conduct as well as his relative culpability.

As of now, the defendant is due to be released from custody on November 23, 2027.  Should his petition for a writ of habeas corpus be granted, the defendant will have a full opportunity to be heard regarding the sentence to be imposed.  This motion does not provide reason to believe, however, that that sentence would result in the defendant's imminent release.  Accordingly, it is hereby

ORDERED that the defendant's request for bail is denied.

Dated:   New York, New York
         December 11, 2020

```
                        _____
                              DENISE COTE
                        United States District Judge
```