UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X

UNITED STATES OF AMERICA

    -v.-

ALEX RUDAJ,
    a/k/a "Sandro Rudovic,"
    a/k/a "Uncle,"
    a/k/a "Allie Boy,"

           Defendant.

**FINAL ORDER OF FORFEITURE**

S3 04 Cr. 1110 (DLC)

------------------------------------- X

    WHEREAS, on or about May 16, 2023, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order") (D.E. 788), which ordered the forfeiture to the United States of all right, title and interest of ALEX RUDAJ, a/k/a "Sandro Rudovic," a/k/a "Uncle," a/k/a "Allie Boy" (the "Defendant") in the following property:

    i.    $38,662.00 in United States currency seized by the Government on or about October 26, 2004 from the Defendant at the time of his arrest;

(the "Substitute Asset");

    WHEREAS, the Substitute Assets Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Assets Order, notice of the United States' intent to dispose of the Substitute Asset, and the requirement that any person asserting a legal interest in the Substitute Asset must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Asset and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Asset before the United States can have clear title to the Substitute Asset;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on May 17, 2023, for thirty (30) consecutive days, through June 15, 2023, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on July 21, 2023 (D.E. 792);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Asset have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Substitute Asset;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Asset is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Asset.

3. The United States Marshals Service (or its designee) shall take possession of the Substitute Asset and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       July 24, 2023

SO ORDERED:

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE