UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                     :

UNITED STATES OF AMERICA          :

         -v.-                 :        **FINAL ORDER OF FORFEITURE**

ALEX RUDAJ,                 :
        a/k/a "Sandro Rudovic."   :        S3 04 Cr. 1110 (DLC)
        a/k/a "Uncle,"         :
        a/k/a "Allie Boy,"      :
                                       :

             Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about June 26, 2006, this Court entered a Preliminary Order of Forfeiture (the "Preliminary Order of Forfeiture") (D.E. 417), which ordered the forfeiture to the United States of all right, title and interest of ALEX RUDAJ, a/k/a "Sandro Rudovic," a/k/a "Uncle," a/k/a "Allie Boy" (the "Defendant") in the following property:

> i.      Any interest of ALEX RUDAJ, in 836 Morris Park Avenue, Bronx, New York;

(the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was duly published in the New York Law Journal once in each of three successive weeks beginning on August 10, 2006 and proof of such publications was filed with the clerk of the Court on April 19, 2007 (D.E. 494);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Substitute Asset;

WHEREAS, on or about May 13, 2010, the Court entered a Stipulation and Order of Interlocutory Sale with respect to the Specific Property (the "Stipulation and Order") (D.E. 558), ordering that the cumulative net proceeds (the "Specific Property Proceeds"), and any and all interest accrued thereon, shall be held by the United States Marshals Service ("USMS") pending further order of this Court and shall serve as a substitute *res* for the Specific Property;

WHEREAS, pursuant to the Stipulation and Order, the Specific Property was sold and the Specific Property Proceeds in the amount of $256,077.07 remain held by the USMS (the "Substitute *Res*") pending further order of this Court; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Substitute *Res*, is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute *Res*.

3.      The United States Marshals Service (or its designee) shall take possession of the Substitute *Res* and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       August 16, 2023

SO ORDERED:

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE