```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :
                                         :    04cr1110-1 (DLC)
            -v-                          :
                                         :    MEMORANDUM OPINION
ALEX RUDAJ,                              :       AND ORDER
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

In a submission docketed on November 21, 2023, Alex Rudaj moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Rudaj is serving a term of imprisonment of 324 months; his projected release date is November 23, 2027. For the following reasons, his motion is denied.

Following a fifteen-week jury trial, Rudaj was convicted on multiple counts of crimes arising from his involvement in the Rudaj Organization, an organized crime syndicate that, among other things, controlled illegal gambling operations in the New York City area. The evidence at trial included multiple acts of violence and threatened violence committed in the course of operating the Rudaj Organization. Rudaj was charged with thirteen counts and convicted of twelve. On June 16, 2006, Rudaj was sentenced principally to 324 months' imprisonment.

The standard for compassionate release is well established. A court may grant compassionate release to an inmate if the

inmate has exhausted his administrative remedies by requesting compassionate release from his warden, and if there are "extraordinary and compelling reasons" warranting a reduced sentence.  District courts may "independently . . . determin[e] what reasons . . . are extraordinary and compelling" for the purpose of the compassionate release determination.  <u>United States v. Brooker</u>, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  Although a court has broad discretion to consider what circumstances might qualify as extraordinary and compelling, "rehabilitation <u>alone</u> shall not be considered an extraordinary and compelling reason."  <u>Id.</u> at 238 (quoting 28 U.S.C. § 994(t)).

If a court concludes that the petitioner has presented "extraordinary and compelling reasons" for compassionate release, it then weighs the 18 U.S.C. § 3553(a) sentencing factors.  <u>United States v. Keitt</u>, 21 F.4th 67, 71 (2d Cir. 2021).  Even if the court concludes that the petitioner has not presented the requisite extraordinary and compelling reason for compassionate release, the Second Circuit recommends that the court assess whether the § 3553(a) sentencing factors weigh in favor of release.  <u>United States v. Jones</u>, 17 F.4th 371, 374-75 (2d Cir. 2021).

On July 12, 2023, Rudaj submitted a request for compassionate release to his warden.  Accordingly, Rudaj has

2

satisfied the administrative exhaustion requirement.

In support of this application, Rudaj emphasizes his rehabilitation while incarcerated and his close family ties. These facts, and the others included in his application, are not extraordinary and compelling reasons that warrant a reduction in his sentence. But, in addition, the § 3553(a) factors do not support a reduction in his sentence.

Rudaj led his criminal organization as it committed illegal and violent acts. Under his leadership, it ran illegal gambling establishments, engaged in violence, and extorted money from victims. Guns were used frequently in the course of the criminal activities committed by the RICO enterprise. Issues of appropriate punishment and adequate deterrence weigh strongly against any reduction in his sentence. Accordingly, it is hereby

ORDERED that Rudaj's motion for compassionate release is denied. The Clerk of Court shall mail Rudaj a copy of this Order and note mailing on the docket.

Dated:   New York, New York
         December 19, 2023

                                              DENISE COTE
                                United States District Judge